UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN CLEVELAND GREEN,<br><br>Plaintiff,<br><br>v.<br><br>R. ATIENZA, et al.,<br><br>Defendants. | No. 2:18-cv-0731 MCE AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12134. By order filed April 16, 2019, the undersigned screened the complaint, which was dismissed with leave to amend. ECF No. 9. Plaintiff has now filed a first amended complaint with exhibits. ECF Nos. 12, 13.

I.     First Amended Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The complaint alleges that defendant doctors G. Church, J.S. Agarwal, N. Malakkla, and

1

R. Atienza violated plaintiff's rights under the Eighth Amendment and ADA. ECF No. 12 at 3-8. Plaintiff asserts that he is paralyzed from the chest down and has chronic pain conditions that require him to be housed in a setting where he has assistance with his daily living activities. Id. He claims that defendants have falsely reported that he is only paralyzed from the waist down and that he is capable of attending to his daily life activities without assistance. Id. Based upon their falsified diagnoses, defendants have denied him placement on a yard where he can obtain the accommodations he requires, including assistance using the toilet, showering, and changing clothes. Id. Agarwal's evaluation and denial of proper housing was done in his capacity as plaintiff's primary care physician, while Church and Atienza evaluated him and denied proper housing as part of the appeals process and Malakkla did the same as a member of the Reasonable Accommodation Panel. Id.

II. Americans with Disabilities Act

To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). Compensatory damages are available under the ADA where the failure to accommodate is the result of deliberate indifference. Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002) (citing Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

////

> "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." [Duvall, 260 F.3d] at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). The first element is satisfied when the public entity has notice that an accommodation is required. Id. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." Id.

Id. (alteration in original). The Supreme Court has held that Title II of the ADA applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

It is not clear whether plaintiff is attempting to bring his ADA claims against defendants in their individual or official capacities. To the extent he is attempting to bring these claims against defendants in their individual capacities, he fails to state a claim for relief. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); see also Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (Title II of the ADA does not provide for individual capacity suits against state officials.). If plaintiff is attempting to bring individual capacity ADA claims under § 1983, he also fails to state a claim. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA . . . .")).

However, to the extent plaintiff is attempting to bring claims against defendants in their official capacities, he has sufficiently alleged that they caused him to be transferred to and retained on a yard that was incapable of accommodating his disabilities, despite knowing that he required accommodation, and was thereby deprived of the ability to complete his daily living activities such as showering, using the bathroom, and changing his clothes. Because the allegations are sufficient to show defendants were on notice that plaintiff required accommodation and failed to act, plaintiff has also sufficiently alleged a claim for compensatory damages under the ADA.

III. Eighth Amendment

A. Conditions of Confinement

"The Constitution does not mandate comfortable prisons, but neither does it permit

3

inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted). Second, the prison official must subjectively "have a sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).

Although prison conditions may be restrictive and harsh, Rhodes v. Chapman, 452 U.S. 337, 347 (1981), prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety, Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981) (quoting Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to 'contemporary standards of decency.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9.

Plaintiff's allegations that defendants' deliberate refusal to house him on a yard where his disabilities could be accommodated deprived him of the ability to shower and use the toilet are sufficient to state claims for relief and will require a response.

B. Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

To the extent plaintiff appears to allege that defendants were deliberately indifferent to his serious medical needs, he has failed to state a claim. Although he claims that he was denied medical assistance, the assistance he claims that he was denied relates to his activities of daily living. While the denial of the accommodations necessary to complete these tasks supports a claim of cruel and unusual punishment and demonstrates deliberate indifference to a federally protected right sufficient to state a claim for compensatory damages under the ADA, such denial does not constitute deliberate indifference to a medical need. Plaintiff has failed to identify what medical treatment defendants denied him and how that denial injured him. Accordingly, plaintiff's allegations of medical deliberate fail to state claims for relief.

IV.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants for deliberate indifference to his serious medical needs or against defendants in their individual capacities under the ADA. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Church, Agarwal, Malakkla, and Atienza on his Eighth Amendment conditions of confinement and official capacity ADA claims or he may delay serving any defendant and amend the complaint to attempt to fix the defects with his other claims.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment conditions of confinement and official capacity ADA claims against defendants Church, Agarwal, Malakkla, and Atienza without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the medical deliberate indifference and individual capacity ADA claims.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,

423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. Your Eighth Amendment conditions of confinement and official capacity ADA claims state claims for relief and will require a response. Your medical deliberate indifference claims do not state claims for relief because you have not explained what medical treatment you were denied or how it caused you injury. Your individual capacity ADA claims do not state claims for relief because you cannot bring individual capacity claims under the ADA.

You have a choice to make. You can *either* (1) proceed immediately on your Eighth Amendment conditions of confinement and official capacity ADA claims against defendants Church, Agarwal, Malakkla, and Atienza and voluntarily dismiss the other claims; *or* (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be

6

voluntarily dismissing without prejudice your medical deliberate indifference and individual capacity ADA claims. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original or previous amended complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for service to be completed).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's medical deliberate indifference and individual capacity ADA claims do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment conditions of confinement and official capacity ADA claims against defendants Church, Agarwal, Malakkla, and Atienza as set forth above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the medical deliberate indifference and individual capacity ADA claims.

DATED: May 1, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN CLEVELAND GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. ATIENZA, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0731 MCE AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment conditions of confinement and official capacity ADA claims against defendants Church, Agarwal, Malakkla, and Atienza without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his medical deliberate indifference and individual capacity ADA claims.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Warren Cleveland Green
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1